UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NYNALEA S. REW,

    Plaintiff,

v.

STANDARD INSURANCE COMPANY,

    Defendant.

3:13-cv-0297-LRH-WCG

ORDER

Before the court is plaintiff Nynalea Rew's ("Rew") motion to remand. Doc. #9.[1] Defendant Standard Insurance Company ("SIC") filed an opposition (Doc. #16) to which Rew replied (Doc. #18).

**I.  Facts and Procedural History**

On May 3, 2013, Rew filed a complaint in state court against SIC for breach of an insurance policy. Doc. #1, Exhibit B. Defendant SIC removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, Rew filed the present motion to remand. Doc. #9.

**II.  Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

---

[1] Refers to the court's docket entry number.

place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.   Discussion**

In her motion, Rew concedes that the parties are diverse for diversity jurisdiction purposes, but argues that SIC's notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* Doc. #9. The court agrees. In her complaint, Rew only requests damages in excess of $10,000.00 as required under the Nevada Rules of Civil Procedure. Thus, SIC bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Sanchez*, 102 F.3d at 404.

In its removal and supporting pleadings, SIC argues that Rew's $74,999 offer of judgment, along with her claims for punitive damages and attorney's fees, is sufficient to establish the amount in controversy. However, Rew's offer of judgment is for an amount below the amount in controversy. Additionally, the mere possibility of a punitive damages or attorney's fees award is insufficient to prove that the amount in controversy has been met. Rather, SIC must present evidence that an award of compensatory damages, punitive damages or attorney's fees is supportable in this action and that it is likely that the amount of compensatory damages, punitive damages and attorney's fees that would be awarded, more likely than not, exceeds an amount in

1  excess of $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d
2  1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).
3      Here, SIC has failed to provide the court with sufficient evidence to establish that the
4  amount in controversy, more likely than not, will be exceeded by Rew's damages and attorney's
5  fees claims. Therefore, the court finds that SIC has failed to meet its burden to prove that the
6  amount in controversy has been met. Accordingly, this action shall be remanded for lack of
7  jurisdiction.
8      IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #9) is
9  GRANTED. The clerk of court shall REMAND this action, 3:13-cv-0297-LRH-WGC, to the First
10 Judicial District Court for the State of Nevada.
11     IT IS SO ORDERED.
12     DATED this 8th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3